FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 04 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

KING HO,

                Plaintiff,

-against-

CITY OF NEW YORK; Police Officer JOHN MUSANTE; JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                Defendants.

-----------------------------------------------------------------x

CV 11-2171

COMPLAINT

Jury Trial Demanded

COGAN, J.

## PRELIMINARY STATEMENT

1. This is a civil rights action alleging that the City of New York and several New York City Police Officers violated Plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Specifically, Plaintiff alleges that, on February 11, 2011, Defendants falsely arrested him and made false allegations to the Queens County District Attorney's Office. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## PARTIES

6. Plaintiff King Ho ("Plaintiff" or "Mr. Ho") is a resident of Queens County in the City and State of New York.

7. Defendant City of New York ("City") is a municipal corporation organized under the laws of the State of New York.

8. Defendant Police Officer John Musante ("Musante") is a member of the New York City Police Department who was acting under color of law and was involved in the arrest of Plaintiff and the torts arising out of Plaintiff's arrest on Feb. 11, 2011. Defendant Musante is sued in his individual and official capacities.

9. John and Jane Doe 1 through 10 are members of the New York City Police Department who were acting under color of state law and in their capacities as City law enforcement officers at all relevant times. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

## STATEMENT OF FACTS

10. At approximately 6:00 p.m. on February 11, 2011, Plaintiff was parking his car on Grand Avenue in Queens, New York when he was pulled over by NYPD officers.

11. The police officers approached Plaintiff's vehicle and asked him for his license and registration, which he provided.

12. The officers went back to their vehicle and a few minutes later returned and asked

Plaintiff for his social security card, which he provided.

13. The officers returned to Plaintiff's vehicle a few minutes later and informed him that there was a warrant for his arrest for failing to attend a criminal court appearance in Chicago in 2009.

14. There was no warrant for Plaintiff's arrest.

15. The officers then instructed Plaintiff to step out of the car, which he did.

16. Plaintiff, who had never been arrested before, was handcuffed and placed into a police vehicle after his property was given to an acquaintance who witnessed his arrest.

17. In the police car, Plaintiff explained to the officers that, except for a road trip ten years ago in which he passed through the city and stopped in its Chinatown neighborhood for thirty minutes, Plaintiff had never in his life been to Chicago or transacted any business that was connected to that city.

18. Plaintiff was taken to the 110th Precinct, searched, fingerprinted and retinally scanned.

19. After approximately one and a half hours inside the precinct, Plaintiff was taken to Queens Central Booking.

20. Plaintiff spent the next three nights in Central Booking with limited access to water and unable to sleep.

21. On his third day in Central Booking, after two sleepless nights and with limited access to water, an officer approached Plaintiff in the afternoon and asked him if he had ever been to Chicago or if he had any relatives there.

22. Plaintiff again stated that he had no connection to Chicago.

23. Plaintiff spent another sleepless night in Central Booking and the next day another

officer asked him the same questions about Chicago and he gave the same truthful answers.

24. At approximately 3:00 p.m. on February 14, 2011, Plaintiff's fourth day inside Central Booking, he was brought before a judge and the criminal charges were adjourned in contemplation of dismissal.

25. Upon information and belief, the subject of the alleged warrant had different pedigree information than Plaintiff, which should have been evident to Defendants after they were provided with Plaintiff's social security number, his date of birth, his age, his fingerprints, his retina and/or other clear evidence.

26. The Defendants seized and detained Plaintiff without probable cause to justify the detention and, if probable cause ever existed, the Defendants detained Plaintiff after such probable cause had been vitiated and/or dissipated.

27. The Defendants knew that he was not the subject of the warrant but continued to detain him.

28. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon Defendants at the Comptroller's office at 1 Centre Street, New York, New York.

29. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

30. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

31. Plaintiff suffered damage as a result of Defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation, and damage to his reputation.

### FIRST CLAIM

#### Fourth Amendment

32. Plaintiff repeats the foregoing allegations.

33. Defendants violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause.

34. Plaintiff was conscious of his confinement.

35. Plaintiff did not consent to his confinement.

36. Plaintiff's confinement was not otherwise privileged.

37. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

### SECOND CLAIM

#### State Law False Imprisonment and False Arrest

38. Plaintiff repeats the foregoing allegations.

39. By their conduct, as described herein, the individual Defendants are liable to Plaintiff for falsely imprisoning and falsely arresting Plaintiff.

40. Defendant City of New York, as an employer of the individual Defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

41. As a direct and proximate result of the misconduct and abuse of authority stated above, Plaintiff sustained the damages alleged herein.

### THIRD CLAIM

### Sixth Amendment

42. Plaintiff repeats the foregoing allegations.

43. The individual Defendants created false evidence against Plaintiff.

44. The individual Defendants forwarded false evidence to prosecutors in the Queens County District Attorney's Office.

45. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's constitutional right to a fair trial under the Sixth and Fourteenth Amendments of the United States Constitution.

46. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

### FOURTH CLAIM

### Negligent Hiring/Training/Retention Of Employment Services

47. Plaintiff repeats the foregoing allegations.

48. Defendant City, through the NYPD and DOC, owed a duty of care to Plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to Plaintiff or to those in a like situation would probably result from the foregoing conduct.

49. Upon information and belief, all of the individual Defendants were unfit and incompetent for their positions.

50. Upon information and belief, Defendant City knew or should have known through the exercise of reasonable diligence that the individual Defendants were potentially dangerous.

51. Upon information and belief, Defendant City's negligence in screening, hiring, training, disciplining, and retaining these Defendants proximately caused each of Plaintiff's injuries.

52. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## **FIFTH CLAIM**

### *Monell*

53. Plaintiff repeats the foregoing allegations.

54. The City, through policies, practices and customs, directly caused the constitutional violations suffered by Plaintiff.

55. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers unlikely to discharge their duties in accordance with the constitution.

56. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

57. The City, at all relevant times, was aware that these individual Defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

58. The City, at all relevant times, was aware that these individual Defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

(a) Compensatory damages against all Defendants, jointly and severally;

(b) Punitive damages against the individual Defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:     May 3, 2011

New York, New York

ROBERT MARINELLI
Attorney at Law
305 Broadway, 14th Floor
New York, New York 10007
(212) 822-1427

*Attorney for Plaintiff*